ALFRED EARL WHIPPLE v. STATE

No. 27,704. October 5, 1955

*West, Howard & Mitchell,* by *James L. Mitchell,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander* and *Charles S. Potts,* Assistants District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is permitting premises under his control to be used for gaming as denounced by Article 627, V.A.P.C.; the punishment, four years.

Officer Harrison of the Dallas police force testified that, while dressed in plain clothes and acting undercover, he visited the Memo Hotel on nine different occasions during the months of August and September and in a room at the rear observed a dice game in progress. He stated that on each occasion there was a "sack man" in attendance who collected a percentage of the bets made for the benefit of the house. He testified that the appellant was present and participating in the dice game on approximately five of these occasions but that at no time did the "sack man" collect any percentage from the appellant. Harrison stated that on one occasion when he arrived at the back room, which was equipped with a canvas covered table, a game was not then in progress, and as he prepared to leave the appellant said, "Don't leave, the game will get started in a minute."

It was shown that the appellant had the Memo Hotel under lease during the time covered by the testimony.

Appellant, testifying in his own behalf, stated that he was a real estate broker and did not remember having witnessed or participated in any gambling taking place in the back room and denied any knowledge that the place was being used as a gambling hall.

Officer Thomas testified in rebuttal that on at least two oc-

casions prior to the day charged in the indictment he had participated in raids on the back room at the Memo Hotel and had arrested numerous people for gambling but that he always had difficulty getting into the back room because of a buzzer warning system which was installed in the place. He stated that on one occasion the appellant had kidded him about his inability to catch a game in progress.

The jury resolved the disputed issues against the appellant, and we find the evidence sufficient to support the conviction.

Appellant's brief brings forward two grounds of reversal.

He contends that the trial court fell into error in overruling his motion to quash the indictment based upon its failure to specifically describe the premises. The indictment was drawn in compliance with Form 291 of Willson's Criminal Forms. We are aware of no authority, and have been cited none, which holds that the street address or any other description of the premises need be alleged in an indictment charging a violation of this article.

Appellant next contends that the evidence is sufficient to support a conviction of the misdemeanor offense of permitting intermittent playing, as denounced by Article 628, V.A.P.C., but not sufficient to support the felony conviction under Article 627. We quote from footnotes under the above form:

"The distinction between the two articles is the extent to which the property is devoted to the unlawful purpose. If the property is knowingly permitted to be used as a gambling house, it is a felony; if it is a place where, on an occasion, one of the denounced games is permitted to be played, it is a misdemeanor."

We have concluded that the facts heretofore stated will support a conviction for the felony offense named in the indictment.

Finding no reversible error, the judgment of the trial court is affirmed.